**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ARLENE FLOWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Action File No. |
| | ) | |
| JENNIFER BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

## I.    INTRODUCTION

1.    Plaintiff Arlene Flowers ("Ms. Flowers") brings this action against Defendant Jennifer Brown ("Defendant") to obtain redress for Defendant's false, malicious, and defamatory statements as well as Defendant's publication of a false consumer report that Defendant obtained without a permissible purpose under the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x.

## II.    THE PARTIES

2.    Ms. Flowers is an individual who resides in the State of Ohio.

3.    Defendant is a resident of Forest Park, Clayton County, Georgia.

## III.    JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges violations of a federal statute, the

federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x, and supplemental jurisdiction over Ms. Flowers's state law claims pursuant to 28 U.S.C. § 1367.

5.    This Court has personal jurisdiction Defendant because Defendant is a Clayton County, Georgia resident and may be served with the Summons and Complaint in the forum state, the State of Georgia.

6.    Venue is proper because, among other things, the sole defendant in this Action resides in the forum state in which this District is located, and a substantial part of the events or omissions giving rise to the claim occurred in Clayton County, Georgia, which lies in the Atlanta Division of the United States District Court for the Northern District of Georgia.  28 U.S.C. § 90(a)(2); 28 U.S.C. §§ 1391(b)(1)–(2).

**IV. FACTS**

7.    Defendant maintains a Facebook account, YouTube account, and other online accounts through which she provides online content to followers using her online persona, "Jamaican Queen Bee."

8.    On or about May 27, 2025, Defendant obtained and uploaded to her Facebook page for her online persona, Jamaican Queen Bee, excerpts of one or more "consumer reports" pertaining to Ms. Flowers within the meaning of 15 U.S.C. § 1681a.

9.    In a post on May 27, 2025, Defendant uploaded to the Facebook page associated with her online persona, Jamaican Queen Bee, excerpts from a consumer report that, according to Defendant's post, contained Ms. Flowers's "motor vehicle records," as excerpted immediately below:



10.    The excerpts from motor vehicle records that Defendant uploaded revealed Ms. Flowers's current name and former name that she changed as part of a divorce from a prior spouse.

11.    In a separate post on May 27, 2025, Defendant posted an image on the same Facebook page and stated that such image was an excerpt of a consumer report relating to Ms. Flowers.  Such excerpt falsely stated that Ms. Flowers's

gender is male when, in fact, Ms. Flowers's gender is, and all times has been, female:



12.    In a similar post to her YouTube page associated with her online persona, Jamaican Queen Bee, Defendant posted a video containing what Defendant claimed were Ms. Flowers's "2023 DMV records," and in such post, Defendant stated, "Pay attention, particularly to that last thing. I am about to do the big reveal of who she really is. Stay tuned. Alright, guys, I need you to pay attention to this. Okay? Alright? Pay attention. Pay attention, guys. Pay attention. This is her 2023 DMV records. And this is what's on her DMV. I need

you to—look, look very carefully, guys.  If you're not, you're going to miss the

bomb. . . . look at the gender, people.  Look at the gender.  Look at the gender,

people.  Yes.  She was born a male.  People, she was born a male . . . ."

13.    Defendant made and posted several additional videos on her YouTube

page associated with her online persona, Jamaican Queen Bee, claiming that

Ms. Flowers was born a male and implying that Ms. Flowers underwent gender

reassignment surgery.

14.    Ms. Flowers is and at all times has been female.

15.    In a subsequent social media post, Defendant discussed a trip that

Ms. Flowers took in which Ms. Flowers shared a hotel room with a female friend.

In such discussion, Defendant falsely claimed that Ms. Flowers deceived her friend

by failing to reveal to the friend with whom she shared a hotel room that

Ms. Flowers was male.  Put differently, Defendant falsely claimed that

Ms. Flowers gained access to a hotel room that Ms. Flowers shared with a person

of the opposite gender using deception.

16.    Such statements are false, and Defendant made all such statements

with malice and actual knowledge that Defendant's statements were false.

17.    Through the undersigned counsel, more than seven days before filing

this Action, Ms. Flowers demanded in writing that Defendant remove all such

defamatory content from her social media platforms, including, but not limited to, Facebook and YouTube, but Defendant refused.  *See* O.C.G.A. § 51-5-11.

18.    Defendant's actions and statements have caused Ms. Flowers to suffer embarrassment, experience stress and anxiety, lose sleep, and expend time, money, and resources to contact social media platforms and request that such false and defamatory content be removed.

## COUNT I

## Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b

19.    Plaintiff realleges paragraphs 1 through 18 as though they have been fully set forth herein.

20.    15 U.S.C. § 1681b enumerates the "permissible purposes" pursuant to which a consumer reporting agency may furnish a consumer report.  15 U.S.C. § 1681b(a) (stating that a "consumer reporting agency may furnish a consumer report under the following circumstances and no other . . . .").

21.    Permissible purposes for furnishing a consumer report about a consumer include use in connection with a consumer credit transaction pertaining to the consumer, use for employment purposes relating to the consumer, use in connection with underwriting insurance involving the consumer, use in connection with determining a consumer's eligibility for a license or other governmental benefit, and several additional, specific categories.  *See* 15 U.S.C. § 1681b(a)(3).

22.     Ms. Flowers is a consumer within the meaning of the Fair Credit

Reporting Act.

23.     The DMV report pertaining to Ms. Flowers that Defendant obtained

and posted on multiple social media platforms constituted a consumer report within

the meaning of 15 U.S.C. § 1681a(d)(1), which defines a consumer report as "any

written, oral, or other communication of ***any information*** by a consumer reporting

agency ***bearing on a consumer's*** credit worthiness, credit standing, credit capacity,

character, general reputation, ***personal characteristics***, or mode of living which is

used or expected to be used or collected in whole or in part for the purpose of

serving as a factor in a consumer's eligibility for (A) credit or insurance to be used

primarily for personal, family or household purposes; (B) employment purposes; or

(C) ***any other purpose authorized under section 1681b of this title***."  15 U.S.C.

§§ 1681a(d)(1)(A)–(C) (emphasis added).

24.     The DMV report that Defendant obtained is a consumer report within

the meaning of the FCRA because such DMV report is a written communication of

information bearing on Ms. Flowers's personal characteristics, which is collected

in whole or in part for the purpose of determining Ms. Flowers's eligibility for a

driver's license and motor vehicle registration.  *See Admore v. Hospice of Palm

Beach Cnty., Inc.*, No. 21-CV-80047-BER, 2021 WL 6926422, at *5 (S.D. Fla.

Dec. 13, 2021) (issuing a report and recommendation holding that a reasonable

jury could conclude that motor vehicle records are consumer reports because they reflect on a person's character, general reputation, personal characteristics, or mode of living).

25.    The party that compiled and produced the report that Defendant posted online constitutes a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(p).

26.    Ms. Flowers has never been the subject of a subpoena of the type identified in 15 U.S.C. § 1681b(a)(1), has never provided any instructions to Defendant to obtain a consumer report within the meaning of § 1681b(a)(2), and has never taken any action, made any statement, or otherwise provided any reason for Defendant to believe a permissible purpose exists under § 1681b(a)(3).  No child support agency requested the consumer report at issue, see § 1681b(a)(4), no agency is attempting to set any child support award within the meaning of § 1681b(a)(5), and none of the federal agencies identified within § 1681b(a)(6) have exercised any power as a conservator, receiver, liquidating agent, or other power having anything whatsoever to do with Ms. Flowers.

27.    Thus, Defendant knowingly and falsely certified that Defendant sought such consumer report for a permissible purpose within the meaning of 15 U.S.C. § 1681b to the consumer reporting agency that complied the consumer report at issue.  *See* 15 U.S.C. § 1681b(f) (prohibiting use of a consumer report for

any purpose unless the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under § 1681b and the purpose is certified in accordance with 15 U.S.C. § 1681e by a prospective user of the report).

28.    Defendant willfully violated 15 U.S.C. § 1681b by obtaining a consumer report regarding Ms. Flowers under false pretenses and by knowingly obtaining a consumer report without a permissible purpose.

29.    Defendant's willful violations of the Fair Credit Reporting Act entitle Ms. Flowers to an award of statutory damages of not less than $100 and not more than $1,000 per violation, the larger of actual damages or $1,000 for "obtaining a consumer report under false pretenses or knowingly without a permissible purpose," "such punitive damages as the court may allow"; and "in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court." 15 U.S.C. §§ 1681n(a)(1)(A)–(B).

30.    In the alternative, Defendant's violations of the FCRA were negligent.

31.    Defendant's negligent violations of the FCRA entitle Ms. Flowers to recover all damages set forth under 15 U.S.C. § 1681o.

## COUNT II

### Defamation

32.    Plaintiff realleges the foregoing paragraphs as though they have been fully set forth herein.

33.    As set forth above, Defendant's statements were false, malicious, published, tended to injure and did injure Ms. Flowers's reputation, were made without privilege, and exposed Ms. Flowers to contempt and ridicule.

34.    Defendant made the statements set forth above with malice.

35.    Defendant's statements constitute defamation per se such that damage is inferred under O.C.G.A. § 51-5-4(b) because, insofar as Defendant falsely claimed that Ms. Flowers gained access to a hotel room with a friend of the opposite gender through deception, Defendant falsely accused Ms. Flowers of being guilty of a debasing act that may exclude her from society.  *See* O.C.G.A. § 51-5-4(a)(2).

36.    In the alternative, such statements constitute "disparaging words productive of special damage which flows naturally therefrom."  O.C.G.A. § 51-5-4(a)(4).

37.    Defendant uttered such statements with malice to third parties.

38.    Defendant's false and defamatory statements caused Ms. Flowers to suffer damages, including, but not limited to, embarrassment, loss of sleep, stress,

and time and money she expended while attempting to have Defendant issue a retraction.

39.    Ms. Flowers is entitled to recover general damages, presumed damages for slander per se, and special damages as proven at trial.

40.    Defendant's conduct was willful, wanton, and malicious, justifying the imposition of punitive damages under O.C.G.A. § 51-12-5.1.

<strong>PRAYER FOR RELIEF</strong>

**WHEREFORE**, Ms. Flowers respectfully request that the Court enter judgment in her favor as follows

a) Adjudging and declaring that Defendant violated the FCRA as set forth in this Complaint;

b) Awarding Ms. Flowers all damages and recoveries available under 15 U.S.C. §§ 1681n(a)(1)(A)–(B) or, in the alternative, all damages and recoveries available under 15 U.S.C. § 1681o;

c) Awarding Plaintiff general damages, presumed damages, special damages as proven at trial, and punitive damages;

d) Awarding Plaintiff reasonable attorneys' fees, costs, and expenses; and

e) Awarding such other and further relief authorized by law.


Dated: August 11, 2025

Respectfully submitted,

*William H. Rooks*

Georgia Bar No. 906785

*Attorney for Plaintiff*

Law for Georgia, LLC
6075 Barfield Road
Sandy Springs, GA  30328
Telephone: (470) 276-4622
E-mail: Rooks@Law4GA.com